### 51925. SWIDA v. ADAMS et al.

QUILLIAN, Judge.

Arnold Adams brought suit against Lindsey M. Swida in the Superior Court of Laurens County. The complaint alleged on February 19, 1973, the defendant executed and signed a promissory note in the amount of $2,102.16 in favor of the Farmers and Merchants Bank of Dublin, Georgia; this note was assigned and transferred to A-D Foods, Inc. and its president, Arnold Adams, on February 13, 1975; that the defendant failed to make any payments on the note although both the bank and Arnold Adams have made demand on him to do so. The complaint sought judgment against the defendant for the amount of the note plus interest from February 19, 1973, plus attorney fees. The defendant's answer set forth that he executed the note as an accommodation for the plaintiff. The complaint was later amended to add as plaintiff the corporation A-D Foods, Inc. The plaintiff then moved for summary judgment and the defendant filed an affidavit in opposition thereto. The trial judge found for the plaintiff and entered judgment for the plaintiff against the defendant.

The facts may be summarized as follows. The defendant Swida executed an instrument entitled "Consumer Installment Note" on February 19, 1973 in the principal amount of $1,800 plus interest and other charges in the total amount of $2,102.16. The loan was to

be repaid in 24 monthly installments of $87.59. The note contained a "guarantee of payment" executed by Arnold Adams, the plaintiff, by which he promised unconditionally to guarantee payment of the note. According to plaintiff's affidavit, the defendant failed to make any payments on the note and the bank called upon the plaintiff Adams to fulfill this obligation under the guaranty; the plaintiff Adams paid the amount of the note in full to the bank and all rights, title and interest in the note were transferred to the plaintiff A-D Foods, Inc. on February 13, 1975 by the bank; the plaintiff Adams is the sole owner of A-D Foods, Inc. The plaintiff Adams, by affidavit, also related that the bank loaned the money to the defendant Swida as a personal loan and that it was not associated or connected in any way with an obligation or understanding between the defendant and the plaintiff Adams; that the plaintiffs stand in place of the bank by virtue of having paid the obligation of the defendant to the bank and the bank having assigned all rights, title and interest to the note to the plaintiff corporation which is owned solely by the plaintiff Adams.

The defendant, by affidavit, related that he and the plaintiff Adams had an agreement to go into business together selling men's clothing at discount prices; that under the terms of the oral agreement the plaintiff Adams agreed he would furnish all the money which he was going to borrow from the bank and that since he and the defendant were in business together he desired both of them to sign the note; the plaintiff Adams stated that in the event the note came due and the business was unable to pay, that all the liability would be borne by him; this was the oral agreement between the plaintiff Adams and the defendant, and in reliance upon this agreement the defendant signed the note which was in his name. *Held:*

"An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Uniform Commercial Code § 109A-3—415 (1) (Code Ann. § 109A-3—415 (1); Ga. L. 1962, pp. 156, 262). Here, the defendant alleged and offered proof to show that he was an accommodation maker. The plaintiffs in this case took the instrument after it was due in that no payments had been made on it

prior to that time. Hence, they were not holders in due course and oral proof concerning the accommodation character of the defendant's execution could be shown. Uniform Commercial Code § 109A-3—415 (2) and (3).

"An accommodation party is not liable to the party accommodated." Uniform Commercial Code § 109A-3—415 (5). Applying the provisions of Code Ann. § 109A-3—415 to the facts as presented on motion for summary judgment, it is clear that material issues of genuine fact remain to be determined and it was error for the trial judge to grant the plaintiff's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1976 — DECIDED APRIL 6, 1976.

*Jones, Jones & Hilburn, Eric L. Jones,* for appellant. *Leon Green,* for appellees.